IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORBIN THOMAS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-20-2536 |
| TRACEY SOLOMON THOMAS, et al. | * | |
| Defendants | * | |

\*\*\*
# MEMORANDUM OPINION

Self-represented plaintiff Corbin Thomas is a federal inmate incarcerated at the Federal Correctional Institution-Hazel ("FCI Hazelton") in West Virginia. On September 1, 2020, Plaintiff filed a sixty-page verified complaint and approximately fifty pages of exhibits, alleging that his former wife Tracy Solomon Thomas[1] and others[2] committed fraud, aided and abetted fraud, and abridged his rights under the Eighth Amendment.[3] He asserts this Court has jurisdiction to consider this matter based on federal question and diversity of the parties' citizenship. 28 U.S.C §§1331, 1332.  Plaintiff demonstrates he is indigent, and his Motion for Leave to Proceed in Forma Pauperis will be granted subject 28 U.S.C. §1915.

---

[1] Corbin Thomas and Tracy Thomas were married in January 2017.  ECF No. 1 at 19.  The Circuit Court for Frederick County, Maryland granted Tracey Thomas's complaint for divorce against Corbin Thomas on September 1, 2020. Alimony was waived. *Thomas v. Thomas,* Case C-10-FM-19-001456 (Cir. Ct. Frederick Cty).  *See* http://casesearch.courts.state.md.us (last visited September 16, 2020).  Given the length of his sentence, it appears that Plaintiff was incarcerated for the entire time of the marriage.

[2] Specifically, Plaintiff names the following defendants: Frostburg State University, Dr. Christopher Maschioui, the American Board of Psychiatry, Paramjit T. Joshi, J. Clay Goodman, Federal Bureau of Investigation Behavioral Unit, Christopher Wray, David Bowlich. Plaintiff does not explain Paramjit T. Joshi or J. Clay Goodman's affiliation with the American Board of Psychiatry.

[3] Plaintiff seeks relief under 42 U.S.C. §1983, 28 U.S.C §1331, 28 U.S.C. §1332, 18 U.S.C. § 1341; and 18 U.S.C. §1343.

**I. Background**

In 2007, Corbin Thomas was convicted by a jury in the United States Eastern District of Pennsylvania of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; conspiring to distribute marijuana, in violation of 21 U.S.C. § 846; conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); (iv) distributing marijuana, in violation of 21 U.S.C. § 841(a)(1) and (v) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *United States v. Thomas*, Criminal No. 98-136-1 (E.D. Pa. 2007). He was sentenced to 420 years of incarceration.[4]

**II. Standard of Review.**

The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against abuses of this privilege, the statute requires a court to dismiss any claim by an indigent litigant which fails to state a claim upon which relief may be granted, is frivolous, or is malicious. 28 U.S.C. § 1915(a).

The Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Johnson. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations ... [but] must hold the pro se complaint to less stringent standards than

---

[4] *See* https://ecf.paed.uscourts.gov (last visited September 16, 2020).

pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–723 (4th Cir. 1989).

**III.   Discussion**

At the heart of this lengthy complaint is Plaintiff's marital and business relationship with his former wife Tracey Thomas. Plaintiff characterizes his claims as stemming from Tracey Thomas's "professional, personal, and criminal misconduct" that resulted in violations of his civil rights from 2014 to 2019, when she was a Maryland resident. ECF No. 1 at 2. Specifically, he claims Tracey Thomas used the U.S. mail, electronic mail, and telephone to conduct a fraudulent scheme to impede and compromise his personal and property interests, aided and abetted by the other named Defendants. Plaintiff asserts that beginning in 2014 and over the next five years, he helped Tracey Thomas with schoolwork and her business affairs. In exchange Tracy Thomas was supposed to assist him "actualizing patents for his inventions" but she did little to promote his interests. ECF No. 1 at 6, 21, 50. In 2017, Plaintiff gave Tracey Thomas power of attorney over all his affairs. *Id.* at 28; ECF No. 1-10.[5]

The Complaint sets forth a number of seemingly bizarre assertions. The Complaint alleges Tracey Thomas presented herself as a forensic psychiatrist and an employee of the FBI at different points in time, and the exhibits include photographs purportedly showing Tracey Thomas wearing an FBI badge and identification card. The photographs are of poor quality, barely discernible, and do not appear to be photographs of official FBI identification information. Further, Plaintiff alleges Tracy Thomas became a co-owner of the Brooklane Psychiatric Facility (Brooklane) until the "government took control" of Brooklane after another owner of the facility, Dr. Joseph Davenhart, was arrested for illegally manufacturing psychotropic drugs. ECF No. 1 at 7-9, 11;

---

[5] The validity of the legal documents filed as exhibits, most of which seem to be portions of larger documents not provided, will not be considered at this preliminary stage of the proceeding.

ECF No. 1-4, ECF No 1-5.[6]  Plaintiff alleges a legal dispute ensued between Tracey Thomas and the government, he was enlisted to file a motion on her behalf, and the Government then "relented from an offer of $50,000.00 to giving Tracey Thomas 1000 patients as a settlement in the case." ECF No. 1 at 11-12.  Tracey Thomas then founded the Abraxis Mental Health Care Facility (Abraxis).  ECF No. 1 at 12-13.  Subsequently, Tracey Thomas denied owning Brooklane or Abraxis. *Id.* at 14; ECF No. 1-7; ECF No. 1-13.

Plaintiff asserts that because he and Tracy Thomas discussed her psychiatric facility partnership offer and salary by telephone and she knowingly mailed him a fraudulent agreement, Thomas violated federal wire fraud and mail statutes. *Id.* at 11, 15-17; ECF No. 1-13.  As to the other Defendants in the Complaint, Plaintiff alleges they failed to investigate or sanction Tracey Thomas after he advised them of her misconduct. He reasons they therefore unlawfully aided and abetted her unlawful activities and violated his rights under the Eighth Amendment's prohibition against cruel and unusual conduct. ECF No. 1 at 31-49; ECF No. 9  As relief, Plaintiff seeks an investigation into Tracey Thomas's academic status, temporary suspension of her professional licenses, assessment of the value of the work he performed for her over the past five years, and more that $30 million in damages. ECF No. 1 at 56-58.

Plaintiff alleges Tracey Thomas committed fraud in violation of 18 U.S.C §1341 and wire fraud in violation of 18 U.S.C. §1343. These are criminal statutes.  Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. *Otero v. United States Attorney Gen.,* 832 F.2d 1141 (11th Cir.1987) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)); *see also Cok v. Costentino,* 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson,* 857 F.2d 224, 226–27 (4th Cir.1988) (private citizen

---

[6]  This 2016 rental agreement between "Tracey Solomon Edwards" and Nick Brown of Abraxis Youth Detention Center in Pennsylvania refers to "Tracey Solomon Edwards" as the "owner of 512 subject patients."  ECF No. 1-5.

has no constitutional right to have other citizens, including state actors, criminally prosecuted.). Plaintiff may not bring federal criminal fraud claims against Tracey Thomas or the claims for aiding and abetting a criminal offense against the other Defendants. The claims for wire, electronic, and mail fraud are dismissed for failure to state a claim on which relief may be granted.

To bring a civil rights claim under § 1983, Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent Plaintiff claims Defendants have violated the Eighth Amendment's prohibition against cruel and unusual punishment, The American Board of Psychiatry and the Federal Bureau of Investigation Behavioral Unit are not "state actors" amenable to suit under 1983. Further, Plaintiff alleges no facts to suggest Paramjit T. Joshi or J. Clay Goodman are state actors. Frostburg State University, as a constituent institution of the University System of Maryland, is considered instrumentalities of the State for Eleventh Amendment immunity purposes. "[T]he University of Maryland is 'an arm of the State partaking of the State's Eleventh Amendment immunity.'" *Bickley v. Univ. of Md.,* 527 F.Supp. 174, 181 (D.Md. 1981) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); Md. Code, Educ. § 12-102(a)(1)-(3) (The University System of Maryland is "an instrumentality of the State" and "an independent unit of State government."); Md. Code, Educ. § 12-101(b)(6)(ii) (Frostburg State University) is one of the "constituent institutions" of the University System of Maryland). Dr. Maschioui, who is identified in the Complaint as Dean of Frostburg State University would be entitled to the same immunity to the extent he is sued in his official capacity.

To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or

deprivation inflicted was objectively serious enough to constitute a violation. *Williams v, Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Section 1983 also requires showing personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). There is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Assuming arguendo that Tracey Thomas was employed by the FBI, Plaintiff alleges no personal involvement in these matters by FBI Director Wray and Assistant Director Bowlich or provides grounds for supervisory liability. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (outlining requirements to state a supervisory liability claim in a §1983 action). Here, none of the Defendants, including Tracey Thomas is a prison official, and Plaintiff may not implicate them in committing an Eighth Amendment violation by merely writing a letter to them alleging misconduct against Tracey Thomas. For these reasons, Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim.[7]

To the extent Plaintiff may intend to raise a claim sounding in contract law against Tracey Thomas in this Court on the basis of diversity of the parties' citizenship jurisdiction, the Court will grant him twenty-eight days to file an Amended Complaint limited to that issue. The Amended Complaint may not exceed twenty-five pages. Plaintiff must provide an address for Tracey Thomas, clarify the amount in controversy, provide facts in support of the amount in controversy, state when the contract was entered, and describe the terms of the agreement (and may provide a

---

[7] Plaintiff is cautioned that 28 U.S.C. §1915(g) provides an inmate will not be granted in forma pauperis status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

signed, dated copy of the agreement). Failure to comply fully with this Order may result in dismissal of this case without prejudice.

### IV.  Conclusion

For these reasons, the Court will dismiss Plaintiff's fraud and Eighth Amendment claims for failure to state a claim.  Defendants Frostburg State University, Dr. Christopher Maschioui, the American Board of Psychiatry, Paramjit T. Joshi, J. Clay Goodman, Federal Bureau of Investigation Behavioral Unit, Christopher Wray, David Bowlich will be dismissed.  Plaintiff will be granted twenty-eight days to file an Amended Complaint limited to the contract claim as above directed.   A separate Order follows.

10/7/2020                                   /s/_____
Date                                            GEORGE J. HAZEL
                                                United States District Judge